# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Cloud System Holdco IP LLC<br><br>Plaintiff,<br><br>vs.<br><br>ADT Commercial LLC<br><br>Defendant. | Civil Action No. 6:22-cv-01063-FB |

## PROPOSED SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 16 and Local Civil Rule 16, Plaintiff Cloud System Holdco IP LLC's ("Cloud") and Defendant ADT Commercial LLC[1] ("ADT") (collectively, the "Parties") respectfully submit this proposed scheduling order.

1. By January 16, 2023, Cloud shall serve preliminary infringement contentions that contain the following information:

    a. Identify each claim of each patent ("asserted claim") that is allegedly infringed by ADT;

    b. For each asserted claim, identify each accused apparatus, product, process, device, act, method, or other instrument ("accused product") that purportedly infringes the asserted claim. Cloud shall specifically identify each accused product as precisely as possible, including identifying the make and model number;

---

[1] The caption lists ADT Commercial, LLC, but the proper entity name is ADT Commercial LLC.

  c. A claim chart identifying in particular how each accused product purportedly satisfies each claim element of each asserted claim, including identifying (i) whether the element is claimed to be literally present or under the doctrine of equivalents; (ii) if practiced under the doctrine of equivalent, specifically how the infringement is purportedly equivalent; (iii) identifying the structure, act, and/or material of the accused product that performs any element that is governed, or a party contends is governed, by 35 U.S.C. § 112(f);

  d. The priority date for each asserted claim, including the basis for the priority date;

  e. If Cloud wishes to preserve its right to rely on the assertion that its or its licensee's product(s), device(s), apparatus(es), method(s), act(s), or instrumentality practice the claimed invention, identify each item and which asserted claim it practices.

2. By January 16, 2023, Cloud shall serve a document production or make available for inspection and copying documents that contains:

  a. documents sufficient to evidence the first reduction to practice of the claimed invention of the asserted patents;

  b. documents sufficient to evidence the first public disclosure of the claimed invention of the asserted patents;

  c. documents sufficient to evidence the first sale or offer to sale of the claimed invention of the asserted patents, if the first sale or offer to sale predate the patent applications;

  d.  all documents evidencing the conception, development, design, and reduction to practice each claimed invention; and

      e. the file history for each asserted patent.

3. By April 13, 2023, ADT shall serve its preliminary invalidity contentions, which contentions that contain the following information:

      a. Identify each item of prior art that purportedly anticipates and/or renders obvious each asserted claim;

      b. For each item of patent prior art, identify that number, the date of issue, and country of origin. For non-patent prior art, identify the title, date of publication, and author. If the prior art is the sale or public use of an item, identify the first public use or offer for sale to the extent known as well as the location and persons involved in the offer or sale of the item;

      c. For each prior art item, identify by claim element how and/or why the art anticipates and/or renders obvious the asserted patents, including identifying the structure, act, and/or material of the accused product that performs any element that is governed, or a party contends is governed, by 35 U.S.C. § 112(f); and

      d. Identifying any grounds for invalidity under 35 U.S.C. §§ 101 and/or 112.

4. By April 13, 2023, ADT shall serve a document production or make available for inspection and copying documents that contains:

      a. Documents sufficient to show the operation of the accused products identified in Cloud's preliminary infringement contentions; and

      b. A copy of each prior art relied upon in ADT's preliminary invalidity contentions, including an English translation of any prior art references in a foreign language.

5. On May 4, 2023, the Parties will exchange proposed claim terms.

6. By May 18, 2023, the Parties will meet and confer to limit the disputed claim terms to be construed.

7. On June 1, 2023, the Parties will exchange proposed claim constructions, including identifying all extrinsic evidence to be relied upon.

8. On June 29, 2023, Cloud will file its opening claim construction brief.

9. On July 28, 2023, ADT will file its responsive claim construction brief.

10. On August 18, 2023, Cloud will file its reply claim construction brief.

11. On September 1, 2023, ADT will file its sur-reply claim construction brief.

12. September 8, 2023, the Parties will file a Joint Claim Construction and Prehearing Statement, identifying:

   a. the terms to which the parties agree to a construction;

   b. the disputed terms and each Party's proposed construction, along with the extrinsic evidence each Party is relying upon;

   c. the anticipated length of the claim construction hearing;

   d. whether the parties intend to provide a technology tutorial, and if so, whether the tutorial will be joint; and

   e. identifying all witnesses each Party intends to call during the claim construction hearing, including stating whether each witness is an expert.

13. On October 9, 2023 at 10:00 a.m., the claim construction hearing, along with any technology tutorial will be held.

14. By October 16, 2023, Cloud shall submit a written offer of settlement to ADT,

15. By October 23, 2023, ADT shall respond in writing to Cloud's settlement offer.

16. By November 6, 2023, the parties shall complete ADR in compliance with Rule CV-88. A motion objecting to ADR must be filed not later than 60 days before that deadline.

17. The parties shall file all motions to amend or supplement pleadings or to join additional parties within 60 days of the claim construction order.

18. Any advice of counsel defense being asserted must be disclosed within 60 days after the claim construction order.

19. 90 days after the claim construction order, fact discovery closes. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

20. 120 days after the claim construction order, opening expert reports for the party bearing the burden to be served.

21. 150 days after the claim construction order, rebuttal expert reports to be served.

22. 180 days after the claim construction order, expert discovery closes.

23. 210 days after the claim construction order, last day to file dispositive motions and/or *Daubert* Motions.

24. 240 days after the claim construction order, Motions in Limine.

25. 255 days after the claim construction order, responses to Motions in Limine.

26. 270 days after the claim construction, pursuant to local Rule CV-16(f), each party will file list of *voir dire* questions, statement of claims or defenses, list of stipulated facts, exhibit list, witness list, jury instructions, verdict forms, and an estimated length of trial.

27. 280 days after the claim construction, pursuant to local Rule CV-16(f), each party shall file a list disclosing any objection to the use of Rule 32 deposition testimony and a list

disclosing any objection, including the basis thereof, regarding the admissibility of exhibit. Other than objections under Federal Rules of Evidence 402 and 403, failure to object shall be deemed waiver, unless excused by the court for good cause shown.

28. 290 days after the claim construction, this case is set for trial jury selection on _____ at _.m.

DATED: January 3, 2023

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
**Ramey LLP**
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923
wramey@rameyfirm.com

*Attorney for Cloud Systems HoldCo IP, LLC*

Respectfully submitted,

Pillsbury Winthrop Shaw Pittman LLP

BY: */s/ Audrey Lo*
Steven Tepera (TX Bar No. 24053510)
steven.tepera@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone:  512.580.9600
Fax: 512.580.9601

Michael E. Zeliger, *pro hac vice*
michael.zeliger@pillsburylaw.com
Audrey Lo, *pro hac vice*
audrey.lo@ pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Telephone (650) 233-4500
Facsimile: (650) 233-4545

*Counsel for Defendant ADT Commercial, LLC*